**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
        apersinger@bursor.com
        ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERON COOK, on Behalf of Herself and all Others Similarly Situated,<br><br>                    Plaintiff,<br>     v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>                    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Sheron Cook ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between July 2015 and September 2015 Receivables Performance Management, LLC, ("Defendant") called Plaintiff at least 27 times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice. Defendant's calls were harassing and abusive. For example, on August 11, 2015, Defendant called Ms. Cook twice in the span of about two hours. Defendant called Ms. Cook again on August 12, August 13, August 17, August 19, and August 20. Then twice on August 21, and twice on August 24. Ms. Cook did not give Defendant prior express written consent to make these calls, and in fact repeatedly requested that Defendant stop calling. Defendant's calls continued despite Ms. Cook's requests.

2. The following chart details 27 of Defendant's calls to Ms. Cook:

| Date | Time | Number Calling |
|---|---|---|
| 7/14/15 | 4:58 PM | (443) 599-8703 |
| 7/17/15 | 3:37 PM | (443) 599-8703 |
| 7/19/15 | 2:00 PM | (443) 599-8703 |
| 7/20/15 | 3:59 PM | (443) 599-8703 |
| 7/21/15 | 2:05 PM | (443) 599-8703 |
| 7/26/15 | 1:28 PM | (443) 599-8703 |
| 7/27/15 | 2:00 PM | (443) 599-8703 |
| 7/28/15 | 5:05 PM | (443) 599-8703 |
| 7/29/15 | 11:27 AM | (443) 599-8703 |
| 8/7/15 | 9:20 AM | (443) 599-8703 |
| 8/11/15 | 12:14 PM | (443) 599-8703 |
| 8/11/15 | 2:24 PM | (443) 599-8703 |
| 8/12/15 | 9:17 AM | (443) 599-8703 |
| 8/13/15 | 9:20 AM | (443) 599-8703 |
| 8/17/15 | 2:04 PM | (443) 599-8703 |
| 8/19/15 | 4:57 PM | (443) 599-8703 |

| | | |
|---|---|---|
| 8/20/15 | 11:17 AM | (443) 599-8703 |
| 8/21/15 | 9:14 AM | (443) 599-8703 |
| 8/21/15 | 11:21 AM | (443) 599-8703 |
| 8/24/15 | 12:26 PM | (443) 599-8703 |
| 8/24/15 | 12:58 PM | (443) 599-8703 |
| 8/25/15 | 9:59 AM | (443) 599-8703 |
| 8/27/15 | 9:09 AM | (443) 599-8703 |
| 8/31/14 | 9:42 AM | (443) 599-8703 |
| 9/1/15 | 12:26 PM | (443) 599-8703 |
| 9/2/15 | 12:10 PM | (443) 599-8703 |
| 9/3/15 | 4:49 PM | (443) 599-8703 |

3. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

4. Plaintiff also brings this action for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq.* (hereinafter, the "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. Plaintiff alleges that Defendant engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt.

**PARTIES**

5. Plaintiff Sheron Cook is, and at all times mentioned herein was, a resident of Vallejo, California and a citizen of the State of California.

6. Defendant Receivables Performance Management, LLC is a Washington with its principal place of business is located at 20816 44th Avenue West, Lynnwood, Washington 98036. Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).

CLASS ACTION COMPLAINT                                                                                                          2

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

8.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.  This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, Plaintiff resides within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**A.      The Telephone Consumer Protection Act Of 1991**

10.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.      Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

12.      According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

13.      The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect

consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     California's Rosenthal Fair Debt Collection Practices Act**

14.     California's Rosenthal Fair Debt Collection Practices Act was enacted to eliminate abusive practices in the collection of consumer debt and to promote fair debt collection.

15.     Among other things, the Rosenthal Act prohibits debt collectors from "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."  Violations of Cal. Civ. Code § 1788 include "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called,"  calling before 8:00 a.m. or after 9:00 p.m., failing to cease communication upon request, threatening arrest or legal action, using abusive or profane language, misrepresenting the debt, and using deceit to collect debt.

**C.     Defendant's Robocalls to Plaintiff and Class Members**

16.     Defendant called Ms. Cook at least 27 times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice.  Plaintiff did not give Defendant prior express written consent to make these calls.

17.     Defendant's calls to Ms. Cook were made with such frequency as to constitute harassment.  For example, on August 11, 2015, Defendant called Ms. Cook twice in the span of about two hours. Defendant called Ms. Cook again on August 12, August 13, August 17, August 19, and August 20. Then twice on August 21, and twice on August 24.

18.     Plaintiff asked Defendant to stop calling on multiple occasions.  Defendant's calls continued despite Plaintiff's requests.

19.     Plaintiff heard a momentary pause on the line before a live representative began speaking, indicating the use of an automatic telephone dialing system.

20.     Online consumer complaints regarding Defendant's unsolicited robocalls and autodialed calls made from the same phone number as used to call Plaintiff are abundant:

CLASS ACTION COMPLAINT                                                                                                          4

- "…they call non-stop even if advised they have the wrong number AND they call seconds away from 9pm."[1]

- "…they call about 9:00 pm almost daily (occasionally weekend afternoons as well) looking for Howie somebody. I finally spoke with a real human yesterday and told them 1. I wasn't Howie and & 2. Not to call this # again."[2]

- "This number continues to call and does not leave a message and hangs up if I answer."[3]

- "They keep calling me everyday am tired of it."[4]

- "Called me in the morning. Immediately went to a hold and played music."[5]

- "Have been harassed for months by this number, long ago I answered and told them I was not who they were looking for. Again today I answered as so FED up with it all. Again they were looking for someone with my name but not me."[6]

- "Always call when you answer or goes to voice mail says I have a call for you please hold."[7]

- "Received a call from 443-599-8703 recording stated it was an attempt to collect a debt, and to hold for a representative."[8]

- "This # has been calling me everyday sometimes twice a day and never leaves a message."[9]

- "They never speak, just a click then dead air."[10]

- "Started about a week ago, calls every day.  Nobody on the line, just recorded music.... quite annoying."[11]

- "Calls [at] 7 in the morning. 9 in morning. Ask them to take my number off of their list, I do not know the person they want to talk to just because our last name is the same."[12]

---

[1] http://800notes.com/Phone.aspx/1-443-599-8703
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] http://whocallsme.com/Phone-Number.aspx/4435998703
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] https://www.everycaller.com/phone-number/1-443-599-8703/

CLASS ACTION COMPLAINT                                                                                      5

- "These people are disgusting. They will NOT take your name off the list. They just keep calling."[13]

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

22. Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

23. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Robocall Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

24. Plaintiff also proposes the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant has no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

25. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

---

[13] *Id.*

26. Plaintiff further proposes the following Internal Do-Not-Call List ("IDNCL") Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) after notifying Defendant that they no longer wished to receive calls from or on behalf of Defendant; (b) received one or more calls from or on behalf of Defendant; (c) using either an artificial or prerecorded voice or an automatic telephone dialing system as defined under the TCPA; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

27. Collectively, all these persons will be referred to as the "IDNCL Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the IDNCL Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

28. Plaintiff further proposes the following FDCPA Class definition, subject to amendment as appropriate:

> All persons within the United States who received harassing, oppressive, or abusive calls from Defendant including (a) repeated calls to annoy someone, or (b) calling at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person.

29. Collectively, all these persons will be referred to as the "FDCPA Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the FDCPA Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

30. Plaintiff also proposes the following Rosenthal Act Class definition, subject to amendment as appropriate:

> All persons within the State of California who received harassing, oppressive, or abusive calls from Defendant including (a) repeated calls to annoy or harass, (b) calls at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment

CLASS ACTION COMPLAINT   7

of any person; (e) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

31. Collectively, all these persons will be referred to as the "Rosenthal Act Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Rosenthal Act Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

32. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believe based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

33. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

34. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

35. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant made harassing, oppressive, or abusive telephone calls;

   d. Whether Defendant is liable for damages, and the amount of such damages, and

   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

CLASS ACTION COMPLAINT                                                                                          8

36. As a person who received numerous and repeated calls on her telephone through the use of an artificial or prerecorded voice, without her prior express written consent, Plaintiff asserts claims that are typical of each member of the classes.  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

37. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

38. A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA, FDCPA, and Rosenthal Act.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA, FDCPA, and Rosenthal Act are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

39. Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA, FDCPA, and Rosenthal Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

40. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

CLASS ACTION COMPLAINT                                                                                          9

41.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

42.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

43.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

44.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

45.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

46.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

47.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

49.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### THIRD COUNT
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692, *et seq.*

50. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

51. Defendant's course of conduct as more fully described above constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including but not limited to 15 U.S.C. § 1692d and e.

52. As a result of Defendant's actions, Plaintiff and the FDCPA Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k, *et seq.*

### FOURTH COUNT
### VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ.Code 1788, *et seq.*

53. Plaintiff incorporates by reference the foregoing paragraphs of his Complaint as if fully stated herein.

54. The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices, made unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

55. Defendant also violated Cal. Civ. Code § 1788.17, which requires Defendant to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq.* in all of its collection efforts.

56. Therefore, Plaintiff and the Rosenthal Act Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

CLASS ACTION COMPLAINT      11

  b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

  c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

  d. An award of damages as permitted by the FDCPA;

  e. An award of damages as permitted by the Rosenthal Act;

  f. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

  g. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

  h. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: July 14, 2016    Respectfully submitted,

          **BURSOR & FISHER, P.A.**

          By:  */s/ Yeremey Krivoshey*
            Yeremey Krivoshey

          L. Timothy Fisher (State Bar No. 191626)
          Annick M. Persinger (State Bar No. 272996)
          Yeremey O. Krivoshey (State Bar No.295032)
          1990 North California Blvd., Suite 940
          Walnut Creek, CA 94596
          Telephone: (925) 300-4455

Email:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*